**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-61975-CIV-DIMITROULEAS**

MIAMI WATERKEEPER, CENTER FOR
BIOLOGICAL DIVERSITY, FLORIDA
WILDLIFE FEDERATION, INC., and
DIVING EQUIPMENT AND
MARKETING ASSOCIATION,

       *Plaintiffs,*

v.

UNITED STATES ARMY CORPS OF
ENGINEERS, *et al.*,

       *Defendants.*
_____/

## JOINT STIPULATED REQUEST TO STAY PROCEEDINGS

Plaintiffs Miami Waterkeeper; Center for Biological Diversity; Florida Wildlife Federation, Inc.; and Diving Equipment and Marketing Association ("Plaintiffs"); and Defendants, the United States Army Corps of Engineers; Jo-Ellen Darcy, Assistant Secretary of the Army; Todd T. Semonite, Commanding General and Chief of Engineers; Jason A. Kirk, District Commander of Jacksonville District Corps of Engineers; the National Marine Fisheries Service; Penny Pritzker, Secretary of the Department of Commerce; Eileen Sobeck, Assistant Administrator for Fisheries; and Roy Crabtree, Southeast Regional Administrator for the National Marine Fisheries Service ("Defendants") (collectively, the "Parties"), by their undersigned counsel, hereby jointly stipulate to a stay of proceedings in this case and request the Court's approval of the stipulation ("Stipulation"), and state:

WHEREAS, Plaintiffs allege that the Defendants are in violation of the Endangered Species Act, 16 U.S.C. § 1531-1544 ("ESA") and National Environmental Policy Act, 42 U.S.C.

§§ 4321-4370h ("NEPA") regarding the potential environmental impacts of the Port Everglades Harbor Improvement Project ("Project"), including Plaintiffs' contention that (a) the National Marine Fisheries Service ("NMFS") failed to adequately analyze the impacts of the Project in the Biological Opinion dated March 7, 2014; (b) the Corps failed to reinitiate formal consultation on the Project under the ESA; and (c) the Corps failed to adequately assess the environmental and ecological effects presented by the Project's proposed dredging operations in its Final Environmental Impact Statement (EIS) dated May 2015 and supplement its EIS in light of new information;

WHEREAS, on September 27, 2016, the United States Army Corps of Engineers ("the Corps") sent a letter to NMFS, requesting the reinitiation of formal ESA consultation for the Project with NMFS under 50 C.F.R. § 402.16, based in part on new environmental information as well as the need to address five newly listed species of corals, which may be located in the project area;

WHEREAS, on November 1, 2016, NMFS sent the Corps a letter concurring that reinitiation of consultation for the Project was appropriate;

WHEREAS, on September 27, 2016, the Corps sent a letter to interested parties, acknowledging the need to supplement its EIS for the Project based on, *inter alia*, new environmental information and refinement of the engineering aspects of the Project, and initiating the NEPA scoping process to prepare a supplemental NEPA document;

WHEREAS, since sending these letters, the Corps has confirmed that it intends to complete a new ESA consultation with NMFS, obtain a new Biological Opinion, hold a scoping meeting regarding its supplemental NEPA document(s) in February 2017, and prepare one or more new or supplemental NEPA documents and final agency actions in connection with the

Project that will consider, among other issues, new environmental information as well as the potential impact of the Project on five newly-listed species of coral, which may be in the project area;

WHEREAS, while their estimates are subject to change depending on a number of factors, NMFS and the Corps presently estimate that they will issue draft supplemental NEPA document(s) by October 2017, issue a new ESA Biological Opinion in April 2018, and issue final supplemental NEPA document(s) and final agency action(s) in July 2018 (collectively "New Decisions");

WHEREAS, it is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936);

WHEREAS, in this case, the parties wish to avoid having the Court or parties expend time and resources on issues and claims that Defendants contend have become moot, or claims that Plaintiffs contend may become unnecessary;

WHEREAS, the Corps presently anticipates that channel deepening and widening work for the Project will not commence until June 1, 2019, at the earliest;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.      The Parties stipulate to, and request that the Court enter an order staying further proceedings in this case consistent with the terms of this Stipulation.

3

2. The Corps agrees it shall not begin the channel deepening and widening work for the Project or enter into contracts for the channel deepening and widening work until after the New Decisions have been formally issued.

3. Defendants will file status reports every ninety days, beginning after the Court enters this Stipulation, apprising the Court as to: (a) the status of their ESA consultation and NEPA supplementation progress; (b) the status of the pre-engineering and design phase (PED) for the Project, including when the PED phase is expected to be complete, and detailing the next phase for the Project once the PED phase is complete; (c) updates on the estimated dates of completion for the documents associated with the New Decisions, including draft supplemental NEPA document(s); and (d) the estimated dates that the Corps will enter into contracts and begin channel deepening and widening work for the Project.

4. The Corps presently plans to finalize design and engineering work for and may perform operation and maintenance dredging of the existing Port Everglades channel to the extent required environmental reviews and consultations have already been or will be completed. Additionally, the Corps intends to finalize design and engineering work and may construct the U.S. Coast Guard Station Fort Lauderdale reconfiguration and the installation of environmentally-friendly bulkheads as part of the Project, as these efforts are not dependent on the reinitiated ESA consultation and supplemental NEPA environmental coordination.

5. The Corps will continue to perform design and engineering work on the deepening and widening features and the artificial reef design that the Corps currently plans to construct as part of the Project, but because these efforts may be influenced by the results of environmental coordination, the Corps will not finalize design or engineering plans for these efforts until after the New Decisions are issued.

4

6. The Corps does not anticipate commencing physical dredging for the channel deepening and widening work until approximately ten (10) months following (a) issuance of the new NEPA documents and new final agency action(s); or (b) completion of consultation under the ESA and receipt of a new Biological Opinion for the Project, whichever comes later. The Corps will promptly provide notice to the Plaintiffs and the Court if this estimated time period changes.

7. Defendants agree to file with the Court an administrative record for the existing 2014 Biological Opinion, 2015 Environmental Impact Statement and Feasibility Report, and 2016 Record of Decision associated with the Project by June 30, 2017.

8. The Corps will promptly transmit to Plaintiffs an electronic copy of the new Biological Assessment that it will prepare for purposes of the reinitiated ESA consultation, as soon as reasonably possible, but no later than 10 days after the document has been transmitted to NMFS. The Corps will provide notice to Plaintiffs whenever it makes documents related to the Project publicly available on the Corps' website.

9. After the Corps and NMFS issue the New Decisions, the Parties agree to confer with regard to any amended challenge to the New Decisions.  Defendants will file a Notice with the Court and counsel as soon as reasonably possible after Defendants have completed the reinitiated ESA consultation and additional NEPA documents, including new final agency action(s). ("Notice").  The Notice shall include copies of the New Decisions.  Within 30 days after Defendants file their Notice, Plaintiffs will either file a voluntary dismissal of their Complaint or inform the Court and counsel that they plan to file an amended or supplemental complaint.  Plaintiffs will file any such amended or supplemental complaint within 70 days after Defendants file their Notice.  Defendants shall thereafter have 45 days to file their response or

answer to any amended or supplemental complaint that Plaintiffs file. Nothing in this Stipulation constitutes a waiver of any claims or defenses, jurisdictional or otherwise. The Parties additionally agree to confer to negotiate an expedited summary judgment briefing schedule that will be completed no later than five months after the supplemental record is completed, or any record or discovery disputes are resolved, whichever comes later.

10. To the extent Defendants file an answer to any supplemental or amended complaint, and not a response, Defendants agree to file a supplemental administrative record for the New Decisions no later than 90 days after the date that the Plaintiffs file any amended or supplemental complaint.

11. The Parties may modify the deadlines or anticipated timelines in paragraphs 2, 3, and 5-10, and the whereas clauses of this Stipulation by mutual agreement. If a Party intends to propose any such modification, that Party will promptly notify the Court and counsel of its intentions. If there is any change in the timing of the activities described in paragraphs 2-3 and 6-8, or whereas clauses, or otherwise for good cause shown, Plaintiffs may file a motion to lift the stay and, if the motion to lift the stay is granted, pursue the claims for relief in its Complaint (or an amended or supplemental complaint), which may include seeking immediate injunctive relief on those claims, in accordance with this Court's local rules or an alternative mutually agreed-upon schedule.

12. The Parties further request that the Court vacate the case deadline for submission of a Joint Scheduling Report and Joint Proposed Order, due January 26, 2017, Dkt. No. 33, and all other pending deadlines.

13. The stay of litigation shall expire automatically after Defendants file the Notice described in paragraph 9, but the Parties agree to continue to abide by the stipulations in paragraphs 6, 9, and 10 after the Notice is filed.

14. Nothing in this agreement waives the rights of any Party to challenge any future decisions issued by the Defendants.

DATED:   January 22, 2017.   Respectfully submitted,

*/s/ Jaclyn M. Lopez*
Jaclyn M. Lopez, Trial Counsel (FL Bar 96445)
Center for Biological Diversity
P.O. Box 2155
St. Petersburg, FL 33731
Tel: (727) 490-9190
Fax: (415) 436-9683
E-Mail: jlopez@biologicaldiversity.org

*Counsel for Center for Biological Diversity*

Brettny Hardy (*Pro Hac Vice*)
Andrea A. Treece (*Pro Hac Vice*)
Earthjustice
50 California St., Suite 500
San Francisco, CA 94111
Tel: (415) 217-2142
Fax: (415) 217-2040
E-mail: bhardy@earthjustice.org
E-mail: atreece@earthjustice.org

*Counsel for Plaintiffs*

James M. Porter, P.A. (FL Bar 443239)
9350 S. Dixie Highway, 10th Floor
Miami, FL 33156
Tel: (786) 425-2299
E-Mail: Jim@JamesMPorterPA.com

*Counsel for Miami Waterkeeper*

Bob L. Harris, Esq. (FL Bar 460109)
Bryan W. Duke, Esq.  (FL Bar 503924)
Cameron H. Carstens, Esq. (FL Bar 112864)
Messer Caparello, P.A.
Post Office Box 15579
Tallahassee, FL 32308
Tel: (850) 222-0720
E-Mail: bharris@lawfla.com
E-Mail: bduke@lawfla.com
E-Mail: ccarstens@lawfla.com

*Counsel for Diving Equipment and Marketing Association (DEMA)*

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division

*/s/ J. Brett Grosko* (with permission)
J. BRETT GROSKO (Maryland Bar)
Senior Trial Attorney
MARK ARTHUR BROWN
Senior Trial Attorney
Wildlife and Marine Resources Section
Environment & Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
TEL: (202) 305-0342
FAX: (202) 305-0275
E-mail: brett.grosko@usdoj.gov

STEPHEN FINN
Natural Resources Section
Environment & Natural Resources Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
TEL: (202) 305-3284
E-mail: Stephen.finn@usdoj.gov

*Counsel for Defendants*

*Of Counsel*

Cheryl Scannell, Esq.
Office of General Counsel Southeast Section
National Oceanic and Atmospheric Administration
U.S. Department of Commerce
Saint Petersburg, Florida

Matthew Donaldson, Esq.
Office of Counsel
U.S. Army Corps of Engineers
Jacksonville, Florida

## DECLARATION OF JACLYN LOPEZ

I hereby attest that I obtained consent to the filing of this stipulation from the other signatories.

DATED:  January 22, 2017.                             */s/ Jaclyn M. Lopez*
                                                                              JACLYN M. LOPEZ

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                                */s/ Jaclyn M. Lopez*
                                                JACLYN M. LOPEZ